IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYAN BIGELOW,

      Plaintiff,      Case No. 3:08 CV 328

 -vs-

                <u>MEMORANDUM OPINION</u>

KHELLEH KONTEH, Warden,

      Defendant.

KATZ, J.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 27), and Petitioner's objections to the R&R (Doc. 32). The Magistrate Judge recommended that the Court deny Petitioner's petition for writ of habeas corpus as time-barred. For the reasons below, the Court now adopts the Magistrate's R&R in full, and denies the petition.

**I. Background**

The Court hereby adopts the Magistrate's description of the procedural background of this case as set forward in the R&R, with minor corrections:

> **PROCEDURAL BACKGROUND**
> **1. Indictment and Trial Court Proceedings**
> During the January 1997 term, the Lucas County Grand Jury indicted Petitioner on one count of robbery, in violation of OHIO REV. CODE §§ 2911.02(A)(3), one count of escape, in violation of OHIO REV. CODE § 2921.34(A) and (C)(2)(a) and one count of aggravated robbery in violation of OHIO REVISED CODE § 2911.01, with a firearm specification, in violation of OHIO REV. CODE § 2941.145 (Docket No. 1, Exhibits 1 and 2). A jury returned verdicts finding Petitioner guilty of robbery and aggravated robbery with a firearm specification. On August 8, 1997, the trial court sentenced Petitioner to a prison term of five years for the robbery conviction, ten years for the aggravated robbery conviction, three years for the firearm specification and seventeen months for failure to comply with the signal of a police officer. The trial court ordered the sentences to run consecutively with each other and consecutively to the three-year prison term for the firearm specification. The seventeen month sentence was to run concurrently with the

Case: 3:08-cv-00328-DAK Doc #: 33 Filed: 09/08/09 2 of 7. PageID #: 357

sentences imposed for the robbery and aggravated robbery convictions (Docket No. 12, Exhibits 3-6).

### 2. Direct Appeal

Petitioner filed a timely notice of appeal in the Sixth District Court of Appeals for Lucas County, Ohio (Exhibits 7-8.). The Court of Appeals *sua sponte* consolidated all of Petitioner's cases for appeal[1] (Exhibit 9). On December 11, 1998, the Court of Appeals vacated Petitioner's sentence on the firearm specification as there was insufficient evidence to support a guilty verdict on the firearm specification. The Court of Appeals also found that Petitioner's second assignment of error was rendered moot (Docket No. 12, Exhibit 13). Petitioner did not appeal to the Supreme Court of Ohio.

### 3. Post Conviction Relief

A. On June 8, 2007, Petitioner, through counsel, filed a delayed application to reopen his direct appeal[2] (Docket No. 12, Exhibit 14). The Court of Appeals denied Petitioner leave to reopen his appeal (Docket No. 12, Exhibit 15). Petitioner filed a timely notice of appeal in the Supreme Court of Ohio[3] (Docket No. 12, Exhibit 16). On October 24, 2007, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving any substantial constitutional question (Docket No. 12, Exhibit 18).

B. On May 21, 2008, Petitioner, *pro se*, filed in the Lucas County Common Pleas Court a motion to vacate, set aside, modify judgment and sentence pursuant to OHIO REV. CODE §§ 2953.21 and 295.23 (Docket No. 12, Exhibits 19 & 20) On August 7, 2008, the state filed a motion to dismiss (Docket No. 12, Exhibits 19 & 20). On September 10, 2008, the Lucas County Court of Common

---

[1] Petitioner presented two assignments of error.

First, the evidence was insufficient as a matter of law to support the verdict of the guilty on the firearm specification.

Second, because the verdict forms identified neither the time nor the location of the events to which they were referred but differentiated the events only by case number; because there was a firearm specification regarding only one of the events although the evidence supporting a firearm specification was greater for the other event and because there was no significant indication to the jury as to which case number applied to which events, it was impossible for the jury to determine whether the firearm specification applied to the events of February 1 or February 7, 1997, and it is impossible to determine if the guilty verdict on that specification was unanimous.

[2] Petitioner argued that (1) there was good cause, and justice required, that his application for reopening be heard; and (2) appellate counsel was ineffective (Docket No. 12, Exhibit 14).

[3] Petitioner raised two propositions of law: First, a defendant has shown good cause to re-open his appeal, even after a substantial delay, based on ineffective assistance of counsel, when his appellate counsel has failed to appeal an issue that has the same legal standard of proof as another issue that was successfully appealed, fails to communicate this fact to the defendant, and fails to inform the client of the outcome of the appeal or inform him of the consequences of the successful appeal.
Second, a defendant has a right to re-open his appeal when the assignment of error he seeks to make is predicated on the same standard as an assignment of error that was previously found well-taken and decided in his favor.

2

    Pleas denied the motion to vacate, set aside, modify judgment and sentence and denied the state's motion to dismiss as moot. Petitioner filed an appeal which was dismissed by the Court of Appeals on November 3, 2008.

    **4.    Federal Habeas Corpus**

    On February 11, 2008, Bigelow filed his Petition for Writ of Habeas Corpus in this Court[4] (Docket No. 1). Respondent filed a Motion to Dismiss[5] (Docket No. 12). Petitioner filed a Reply[6] (Docket No. 19).

The Magistrate received the case under Local Rule 72.2(b)(2) and recommended denying the writ of habeas corpus. This Court conducts a *de novo* review of the Magistrate's R & R. 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## II. Jurisdiction

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only when the state court's adjudication of a person placed the person "in custody in violation of the Constitution or laws or treaties of the United States." 42 U.S.C. § 2254(a). Petitioner satisfies both requirements: he is currently incarcerated at the Toledo Correctional Institution in Toledo, Ohio, pursuant to the judgment of the Lucas County Court of Common Pleas; and his petition alleges deprivations of his rights under the Sixth

---

[4] Petitioner's argument is twofold: appellate counsel was ineffective and the evidence was insufficient to support a conviction of aggravated robbery.

[5] Respondent argues that Petitioner's Writ of Habeas Corpus is barred by the one-year statute of limitations contained in 28 U. S. C. § 2244(d).

[6] Petitioner reiterated his argument that there was insufficient evidence to support a conviction of aggravated robbery. In addition, Petitioner alleged that the failure to hear his claims will result in manifest injustice, his appellate counsel was ineffective, his procedural default should be excused because he can demonstrate both cause and prejudice from ineffective assistance of appellate counsel and he is entitled to equitable tolling.

and Fourteenth Amendments to the United States Constitution. Therefore, this Court has jurisdiction to consider the petition.

**III. Standard of Review**

The standards set forth in AEDPA govern a federal district court's review of a state court decision. *French v. Jones,* 332 F.3d 430, 435-436 (6th Cir. 2003). The statute establishes two ways in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision resulted in an unreasonable determination of facts. § 2254(d)(2).

Under section 2254(d)(1), the term "clearly established federal law" refers to the Supreme Court's holdings. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state courts' decision is "contrary to" the Supreme Court when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted)).

Under 28 U.S.C. §2244(d)(1)(A), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C.A. § 2244 (d)(1) (A)-(D).

Though the federal courts have recognized that this 1-year limitations period may be tolled due to "compelling equitable considerations," *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000), it is the petitioner who bears the burden of demonstrating his entitlement to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). To demonstrate his entitlement to equitable tolling under 28 U.S.C.A. § 2244 (d)(1)(D), the petitioner bears the burden of proving that he exercised due diligence in pursuing his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

**IV. Discussion**

The Magistrate, in her R&R, recommended dismissing the petition as time-barred under 28 U.S.C. § 2244(d). The Magistrate noted that, because the Ohio Court of Appeals rendered a final judgment on Petitioner's direct appeal on December 11, 1998, the one-year statute of limitations had long expired by the time Petitioner filed his first petition for post-conviction relief on June 8, 2007. Petitioner objects to the R&R on the ground that he is entitled to equitable tolling on several

grounds: that he is "actually innocent" of the offense of aggravated robbery; that his appellate counsel provided ineffective assistance; and that he timely filed his petition within one year of discovering the factual predicate of his claims. Each of these arguments lacks merit.

Petitioner has not met his burden of presenting evidence of "actual innocence" sufficient to allow equitable tolling. In "actual innocence" cases, "the threshold inquiry is whether 'new facts raise sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial,'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2001) (quoting *Schulp v. Delo*, 513 U.S. 298, 317 (1995)), and "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schulp*, 513 U.S. at 317. Additionally, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In the present case, Petitioner does not point to any "new facts" that raise sufficient "doubt about [the petitioner's] guilt to undermine confidence in the result of the trial," *Schulp*, 513 U.S. 298, 317, to entitle him to equitable tolling on this ground.

Neither can Petitioner claim an entitlement to equitable tolling based on ineffective assistance of appellate counsel. Petitioner claims that his appellate counsel failed to properly inform him of the result of his initial appeal of his conviction and sentence in the Ohio courts. But Petitioner fails to explain how any error of his appellate counsel led to his more than eight-year delay in filing this action. Even assuming that Petitioner's appellate counsel should have made a more substantial effort to explain the result of his initial state appeal to Petitioner, Petitioner's lengthy delay in filing this action cannot be squared with any notion of "due diligence," at least so far as that concept has been used in the context of §2244 actions.

6

For similar reasons, Petitioner's claim that he timely filed this action within one year of learning of the factual predicate of his claims lacks merit as well. This contention is belied by Petitioner's admission, in his affidavit, that he informed his appellate counsel nearly nine years prior that he believed there was insufficient evidence to support his aggravated robbery conviction because he did not possess a firearm (Doc. #19, Response, Affidavit ¶2). Additionally, Petitioner has not explained why it required more than eight years for him to discover that his appellate counsel rendered ineffective assistance.

**V. Conclusion**

For the above stated reasons, the findings and recommendations of the Magistrate are well taken, and there are no legal points that would be arguable on their merits in an appeal of this case. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case, as any appeal would lack substantial merit. Respondent's motion to dismiss this habeas petition as time barred is granted.

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE